1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

      Plaintiff,

v.

WYNN LAS VEGAS, LLC, et al.,

      Defendants.

2:13-cv-852-LDG-PAL

ORDER

      Defendant The Herrick Corporation ("Herrick") and defendants Wynn Las Vegas, LLC,
Wynn Design and Development, LLC, and Butler/Ashworth Architects, Ltd., ("the Wynn
defendants") (jointly "defendants") have filed motions for attorney fees and costs against plaintiff
Liberty Mutual Fire Insurance Company ("Liberty Mutual") (Herrick #139, opposition #154, reply
#157; the Wynn defendants #145, opposition #159, reply #164).

      Where a federal court sits in diversity, as here, it applies state law in an award of attorney
fees. In re Larry's Apartment, LLC, 249 F.3d 832, 837 (9th Cir. 2001). In Nevada, attorney fees
cannot be recovered unless authorized by agreement or by statute or rule. Young v. Nevada Title
Co., 103 Nev. 436, 744 P.2d 902, 905 (1987). NRS 18.010 provides for an award of attorney fees
in part in the following ways:

      1.     The compensation of an attorney and counsel for his or her services is governed by
              agreement, express or implied, which is not restrained by law.

2.    In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:

(a)    When the prevailing party has not recovered more than $20,000; or

(b)    Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party.  The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. . . .

NRS 18.010(2)(a) contemplates that only a "prevailing party" be eligible for attorney fees. A party cannot be considered a prevailing party under NRS 18.010(2)(a) if the action has not "proceeded to judgment." Sun Realty v. District Court, 91 Nev. 774, 542 P.2d 1072, 1073 n.2 (1975); see also Works v. Kuhn, 103 Nev. 65, 732 P.2d 1373, 1376 (1987) (Where "respondents voluntarily dismissed their counterclaim with prejudice prior to trial based upon appellant's acceptance of the offer to settle the action[,]" appellant could not be considered a prevailing party). Likewise, this action had not proceeded to judgment before Liberty Mutual voluntarily dismissed its claims.

Nor did defendants succeed on a significant issue in the litigation. See Hornwood v. Smith's Food King No. 1, 105 Nev. 948, 772 P.2d 1284, 1287 (1989).  Here, the court did not reach the declaratory judgment claim of whether the GL policy expired or was terminated and cancelled by Wynn, or by mutual agreement, as of September 15, 2005.   Accordingly, Herrick and the Wynn defendants are not entitled to attorney fees under NRS 18.010(2)(a).

Whether defendants are entitled to attorney fees under NRS 18.010(2)(a) requires that the court "examine the actual circumstances surrounding the case to determine whether the suspect claims were brought without reasonable grounds." Bergmann v. Boyce, 109 Nev. 670, 856 P.2d 560, 560 (1993).  On September 29, 2014, the court denied two motions to dismiss which both argued that the second amended complaint lacked supporting facts to state a claim.  In doing so, the court determined that a full consideration of the issues may be benefitted by the completion of

2

discovery.  The court reaffirms the position that Liberty Mutual had a reasonable basis to bring the action.  The circumstances surrounding the existence of Endorsement No. 30 raised substantial issues of fact regarding when the GL policy expired.  Liberty Mutual claims were not frivolous or vexatious in that regard.

Defendants point to <u>Great West Casualty Co. v. See</u>, 185 F. Supp. 1164 (D. Nev.2002), in arguing that an award of fees is required in any legal action where the insurer compels the insured to assume the burden of a legal action, in order to obtain the benefit of an the insurance contract. <u>Id</u>. at 1173.  Nevada statutes, case law, and authority do not point in that direction, however. While <u>Great West</u> awarded attorney fees, the court in that case found coverage, and that the filing of the declaratory judgment constituted a "request" as used in the policy.  <u>Id</u>.  In this case, the question of coverage was never determined. Far from it.  The only determination reaching the merits has been the denial of defendants' motions to dismiss.  That determination, in the context of the arguments for failure to state a claim, is not taken lightly, and leads to the conclusion that Liberty Mutual's action asserted a theory that was cognizable as a matter of law, and did not fail to allege sufficient facts to support that theory.  Liberty Mutual had reasonable grounds to bring its claims, and defendants are not entitled to attorney fees under NRS 18.010(2)(a).

Defendants also argue that the GL policy provides grounds for an award of attorney fees by way of the phrase "[Liberty Mutual] will pay, with respect to any claim we investigate or settle, or any 'suit' against an insured we defend . . . All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or 'suit', including actual loss earnings up to $250 a day because of time off from work."  The GL policy also defines "suit" as "a civil proceeding in which damages because of 'bodily injury', 'property damage' or 'personal advertising injury' to which the insurance applies are alleged."  Liberty Mutual's declaratory judgment action does not allege damages from any of these injuries.  Thus, the plain and unambiguous reading of this provision requires that any expenses, including attorney fees, in an

3

action against an insured would be paid by Liberty Mutual only if they are "incurred by the insured at [Liberty Mutual's] request to assist [Liberty Mutual] in the investigation or defense of the claim or 'suit'." The facts do not indicate that Liberty Mutual requested defendants to assist it in the investigation or defense of a claim or suit. Morever, the provision at issue in <u>Great West</u>, that "[a]ll reasonable expenses incurred by the 'insured' at [the insurer's] request," lacks the qualification in the instant case that the request be made "to assist [Liberty Mutual] in the investigation or defense of the claim or 'suit'." Therefore, under the circumstances of this case,

THE COURT HEREBY ORDERS that the motions for attorney fees by the Herrick Corporation (#139) and defendants Wynn Las Vegas, LLC, Wynn Design and Development, LLC, and Butler/Ashworth Architects, Ltd., (#145) are DENIED.

DATED this _____ day of September, 2015

_____
Lloyd D. George
United States District Judge

4